## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | **COMPLAINT** |
| | ) | **AND JURY TRIAL DEMAND** |
| LLANERCH COUNTRY CLUB, | ) ) | |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Charging Party Thomas Foley ("Mr. Foley"). As alleged with greater particularity in Paragraphs 1-36 below, the U.S. Equal Employment Opportunity Commission alleges that Defendant Llanerch Country Club subjected Mr. Foley, then age 59, to unlawful discrimination by discharging/non-rehiring him from his Groundskeeper position because of his age.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this civil action under 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 216(c) and 217.

2.      Venue is proper in the U.S. District Court for the Eastern District of Pennsylvania under 28 U.S.C. § 1391(b) because the alleged unlawful employment practices were committed within this judicial district.

## PARTIES

3.     Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA, and is expressly authorized to bring this action under Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.     At all relevant times, Defendant Llanerch Country Club ("Defendant") has continuously been a non-profit (non-stock) corporation, incorporated in Pennsylvania and doing business in Delaware County, and has continuously had at least twenty employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## ADMINISTRATIVE PROCESS AND CONCILIATION

6.     On August 8, 2018, EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated the ADEA and inviting Defendant to join with EEOC in informal methods of conciliation to attempt to eliminate the discriminatory practices and effect voluntary compliance with the ADEA.

7.     EEOC engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

8.     EEOC was unable to secure from Defendant a conciliation agreement acceptable to EEOC.

9.     On September 19, 2018, EEOC issued to Defendant a Notice of Failure of Conciliation.

10.     All conditions precedent to the institution of this lawsuit have been fulfilled.

**FACTUAL ALLEGATIONS**

*Defendant's Operations*

11.     Defendant is a private members club located in Havertown, Pennsylvania, which operates a 129-acre, 18-hole golf course; seven tennis courts; a fitness center; a swimming pool; and a clubhouse with dining facilities.

12.     Defendant employs a Grounds Maintenance Department with approximately 14 full-time and seasonal Groundskeepers/Greenkeepers (hereinafter, "Groundskeepers").

13.     Defendant's Groundskeepers are all cross-trained and are responsible for maintaining the golf course and the grounds around the clubhouse, tennis courts, and pool.

14.     At all relevant times, Defendant's Grounds Maintenance Department has been supervised by Chief Executive Officer of External Operations Brendan J. Byrne ("Mr. Byrne"), who has final hiring and firing authority.

*Mr. Foley's Employment*

15.     Mr. Foley was initially hired by Defendant as a full-time Groundskeeper in the Grounds Maintenance Department on or about March 2004.  At the time of his hire, Mr. Foley was approximately 46 years old and worked full-time 12 months a year.

16.     During the course of his employment, Mr. Foley aptly performed his duties as a Groundskeeper and received favorable verbal performance reviews from Mr. Byrne.

17.     Mr. Foley was never written up by Defendant for any performance deficiencies.

18.     Mr. Foley also received pay raises from Defendant based on merit.

19.     Beginning in or around 2013, when Mr. Foley was approximately 55 years old, Defendant started subjecting Mr. Foley to seasonal layoffs wherein he would be temporarily laid

3

off for the winter months and recalled/reinstated to his Groundskeeper position each spring.

20.     Upon information and belief, Mr. Foley retained benefits from Defendant during these seasonal layoffs.  He was automatically recalled/reinstated to his Groundskeeper position each spring without having to submit a new formal application at the end of the layoff period.

21.     These seasonal layoffs resulted in lost wages and were not requested by Mr. Foley.

22.     When Mr. Foley was subject to these seasonal layoffs, Defendant continued to employ younger full-time Groundskeepers throughout the winter months, paying them for work performed 12 months a year.

23.     In or around late December 2016, Mr. Foley was temporarily laid off for the winter season as he had been in prior years.

24.     At the time of this layoff, Defendant indicated to Mr. Foley that he would be recalled/reinstated to his Groundskeeper position in the spring 2017.

25.     Approximately one month after Mr. Foley was laid off in December 2016, Defendant posted a job announcement for the Groundskeeper position stating that it had nine openings.  This job announcement was advertised as a full-time "seasonal" position.

26.     Between at least late January and February 2017, Defendant scheduled interviews with candidates for the position.

27.     At no point did Defendant contact Mr. Foley to disclose this job announcement or to solicit his return to the job.

28.     On or about late February 2017, Mr. Byrne informed Mr. Foley by phone that Defendant was not going to recall/reinstate him to his Groundskeeper position in spring 2017 because Defendant was "looking to take the staff in a younger direction."

29.     Defendant's decision to discharge/non-rehire Mr. Foley was made permanent on or

4

about March 13, 2017.

30.    Less than three weeks later, Defendant hired nine Groundskeepers who were significantly younger than Mr. Foley, many of whom were at least 20 or 30 years his junior.

31.    At the time of his discharge/non-rehire, Mr. Foley was 59 years old and the oldest member of Defendant's Grounds Maintenance Department.

32.    After Defendant discharged/non-rehired Mr. Foley, Defendant continued to employ other younger full-time Groundskeepers who, like Mr. Foley, had previously been employed in the Grounds Maintenance Department.

## CAUSES OF ACTION

33.    EEOC repeats and incorporates by reference the factual allegations set forth in Paragraphs 1-32.

34.    Defendant subjected Mr. Foley to unlawful discrimination by discharging/non-rehiring him from his Groundskeeper position because of his age, 59 years-old, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1).

35.    The effect of the practices complained of in Paragraphs 33-34, above, has been to deprive Mr. Foley of equal employment opportunities and otherwise adversely affect his status as an employee because of age.

36.    The alleged unlawful employment practices complained of in Paragraphs 33-34, above, were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, EEOC respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant, from

engaging in employment practices that discriminate on the basis of age, including but not limited to discharging/non-rehiring any individuals because of such individuals' age.

B.      Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant, from retaliating against any individual who engages in protected activity under the ADEA, including but not limited to Mr. Foley.

C.      Order Defendant to make whole Mr. Foley by providing appropriate back pay with prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement.

D.      Order Defendant to pay Mr. Foley liquidated damages for its willful conduct described in Paragraphs 11-36, above, in an equal sum as the appropriate back pay award.

E.      Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for individuals age 40 and over and which eradicate the effects of its past and present unlawful employment practices, including but not limited to (1) the institution of effective anti-discrimination policies and complaint procedures; and (2) mandatory training on age discrimination and retaliation for all supervisory and non-supervisory employees.

F.      Order Defendant to submit to a reasonable period of monitoring by EEOC during which Defendant shall provide periodic reports to EEOC identifying (1) all individuals age 40 and over who are discharged/non-rehired by Defendant, Defendant's reason for its discharge/non-rehire decision, and the age and qualifications of any persons hired for the discharged/non-rehired individuals' positions; and (2) all complaints or observations of alleged age discrimination and/or retaliation for engaging in protected activity under the ADEA that are received by Defendant and

any corrective actions taken in response to those complaints or observations.

       G.     Grant such further relief as the Court deems necessary and proper in the public

interest.

       H.     Award EEOC its costs of instituting this action.

**JURY TRIAL DEMAND**

       EEOC requests a jury trial on all questions of fact raised by its Complaint.

                                      Respectfully submitted,

                                      U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

JAMES L. LEE
ACTING GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
WASHINGTON, D.C.

*Debra Lawrence w/permission CS*

DEBRA M. LAWRENCE
REGIONAL ATTORNEY
EEOC – Philadelphia District Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: (410) 209-2734
Fax: (410) 209-2221
Email:  debra.lawrence@eeoc.gov

*Ronald Phillips w/ permission CS*

RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY
OH Bar No. 0070263
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432

7

Baltimore, MD 21201
Phone: (410) 209-2737
Fax: (410) 209-2221
Email:  ronald.phillips@eeoc.gov


*Catherine Seller*

CATHERINE N. SELLERS
SENIOR TRIAL ATTORNEY
WA Bar No. 44563
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: (410) 209-2233
Fax: (410) 209-2221
Email: catherine.sellers@eeoc.gov

8