## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) | Civil Action No. 2:18-cv-04167-JP |
| v. | ) ) | **CONSENT DECREE** |
| LLANERCH COUNTRY CLUB, | ) ) | FILED |
| Defendant. | ) ) ) ) | FEB 7 2019 |

KATE BARKMAN, Clerk
By_____ Dep. Clerk

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") instituted this action against Defendant Llanerch Country Club ("Defendant") (hereinafter, the "Parties") to enforce the provisions of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 *et seq*. ("ADEA"). In its First Amended Complaint, EEOC alleged that Defendant violated the ADEA (1) by subjecting Thomas Foley ("Mr. Foley") to seasonal layoffs from at least January 2013 through March 2017 because of his age, then age 55-59; and (2) by discharging/non-rehiring him from his Groundskeeper position because of his age, then age 59.

As a result of settlement discussions, the Parties desire to resolve this action without the time and expenditure of contested litigation Accordingly, the Parties agree that this action should be resolved through entry of this Consent Decree ("Decree").

By entering into this Decree, Defendant does not admit liability for any of the ADEA violations pleaded in EEOC's First Amended Complaint. This Decree, once approved and entered by the Court, shall fully and finally resolve all claims alleged in EEOC's First Amended Complaint filed in this case.

ENT'D FEB - 7 2019

## STIPULATIONS

A.      The Parties acknowledge the jurisdiction of the United States District Court for the Eastern District of Pennsylvania over the subject matter of this action and the Parties to this action for purposes of entering this Decree and, if necessary, enforcing this Decree.

B.      Venue is proper in this judicial district for purposes of entering this Decree and any proceedings related to enforcement of the Decree.

C.      The Parties agree that all conditions precedent to the institution of this action have been fulfilled.

## FINDINGS

Having carefully examined the terms and provisions of this Decree, and based on the pleadings and stipulations of the Parties, the Court finds the following:

A.      The Court has jurisdiction over the subject matter of and the Parties to this action.

B.      The terms of the Decree are lawful, fair, adequate, reasonable, and just.

C.      The Decree conforms to the Federal Rules of Civil Procedure and the ADEA, and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the interests of the ADEA and will be in the best interest of the Parties, those for whom EEOC seeks relief, and the public.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## DEFINITIONS

A.      As used in this Decree, the term "complaint" shall mean any allegation or report made by any person, whether or not substantiated by evidence, whether or not made in conformity with Defendant's established procedures (so long as knowledge of the complaint may be imputed

2

to Defendant), made by any means of communication, regarding potential discrimination or retaliation committed by any employee, officer, or director of Defendant.

B.      The term "days" shall mean calendar days unless business days are clearly specified in a specific provision of the Decree.  If any deadline referenced in this Decree shall fall on a weekend or a federal holiday, the deadline shall be moved to the next business day.

C.      The term "employee" shall be construed in accordance with applicable federal case law defining the meaning of the terms "employee" and "employer."  The term "employee" shall include all full-time, part-time, and seasonal employees and H-2B workers of Defendant.

D.      The term "effective date" shall refer to the date that the Court approves and enters this Decree as a final order of the Court.

## EFFECTIVE DATE, DURATION, AND RETENTION OF JURISDICTION

1.      This Decree shall become effective on the date that the Court approves and enters the Decree as a final order of the Court.

2.      The provisions of this Decree shall remain in effect for a period of two (2) years immediately following the Decree's effective date, provided, however, that if, at the end of the two (2) year period, any disputes under Paragraph 17, below, remain unresolved, the duration of the Decree shall be automatically extended until there is a final disposition of such dispute.

3.      For the duration of this Decree, this Court shall retain jurisdiction over this action to enforce the terms of the Decree and shall have all available remedies to enforce the Decree, including but not limited to monetary sanctions and injunctive relief.

## INJUNCTION

4.      Defendant, its owners, officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with Defendant are hereby enjoined from

engaging in any employment practice that discriminates against any employee or job applicant because of age in violation of the ADEA, including but not limited to (a) subjecting any employee to seasonal layoffs or changing any employee's work status from full-time permanent to seasonal employment because of age; (b) discharging or non-rehiring any employee because of age; and/or (c) making hiring decisions regarding any job applicant because of age.

5.     Defendant, its owners, officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with Defendant are hereby enjoined from engaging in any form of retaliation against any person because such person has (a) opposed any practice made unlawful by the ADEA; (b) filed a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under the ADEA; (c) requested or received relief under this Decree; and/or (d) asserted any rights under this Decree.

## MONETARY RELIEF

6.     Within fifteen (15) days of the effective date of this Decree, Defendant shall pay Charging Party Thomas Foley a total monetary award of $30,000.00, of which $15,000.00 shall constitute back pay and $15,000.00 shall constitute statutory damages under Section 7 of the ADEA, 29 U.S.C. § 626(b). Defendant shall pay this total monetary award to Mr. Foley via two certified bank checks, according to the following requirements:

(a)     From the check representing the portion of the total monetary award designated as back pay, Defendant shall, to the extent required by law, withhold all applicable federal, state, and local payroll taxes and other statutory deductions that it is required to make from wage payments to employees. Defendant shall be responsible for separately paying the employer's portion of Social Security and Medicare and any other applicable federal, state, and local payroll taxes due on the

4

back pay amount, and the employer's portion of such taxes shall not be deducted from the back pay award paid to Mr. Foley. Defendant shall pay all such monies withheld to the appropriate governmental agencies.

(b)     The check representing the portion of the total monetary award designated as statutory damages under Section 7 of the ADEA, 29 U.S.C. § 626(b), shall be paid to Mr. Foley in full, without any payroll withholdings or deductions.

(c)     Defendant shall ensure that the checks set forth in this Paragraph are made payable to "Thomas Foley." Defendant shall deliver both checks to Mr. Foley via express mail at an address provided by EEOC.

7.      At the end of the calendar year in which the payments set forth in Paragraph 6 are made to Mr. Foley, Defendant shall report the back pay portion of Mr. Foley's total monetary award to the Internal Revenue Service ("IRS") using a Form W-2 and shall issue to Mr. Foley an IRS Form W-2 based on that amount. Defendant shall report the Section 7 statutory damages portion of the total monetary award to the IRS using a Form 1099-MISC and shall issue an IRS Form 1099-MISC to Mr. Foley for that amount.

8.      Within thirty (30) days from the date that Defendant makes the payments set forth in Paragraph 6 to Mr. Foley, Defendant shall send copies of the checks issued to Mr. Foley and proof of express mail delivery to Senior Trial Attorney Catherine Sellers at EEOC's Baltimore Field Office.

9.      In the event that any of the payments referenced in Paragraph 6 cannot be delivered to Mr. Foley at the addresses provided by EEOC, Defendant shall promptly contact Senior Trial Attorney Catherine Sellers at EEOC's Baltimore Field Office to obtain a current address for him or to otherwise make arrangements for payment.

5

## ADEA TRAINING

10.     Within sixty (60) days of the effective date of this Decree, Defendant shall provide no less than one (1) hour of mandatory training on the ADEA to Chief Operating Officer of External Operations Brendan J. Byrne and Chief Operating Officer of Internal Operations Cynthia Ertner. This training shall be conducted live. It shall accurately convey the ADEA's requirements and, at a minimum, include a discussion of the following topics: (a) the ADEA's prohibition against age discrimination and retaliation; (b) the categories of conduct that constitute prohibited age discrimination, including examples of such conduct; (c) the types of employment actions covered by the ADEA's prohibition of age discrimination; and (d) the kinds of retaliation prohibited under the ADEA, including examples of such conduct and the standard for retaliatory adverse action under controlling law.

11.     Defendant shall select a qualified third-party to conduct the training described in Paragraph 10. At least thirty (30) days before the date that Defendant intends to conduct the training described in Paragraph 10, Defendant shall submit to EEOC for review (a) the name(s) and curriculum vitae of the instructors that Defendant has selected for the training; (b) copies of the proposed training curricula; and (c) a list of all persons (by name and job title) who will be required to attend the training.

12.     After Defendant transmits to EEOC the information set forth in Paragraph 11, EEOC shall be afforded a period of fifteen (15) days to conduct a pre-implementation review of the proposed instructors and training curricula and provide any comments concerning the training that EEOC deems warranted. Upon request by EEOC, Defendant shall confer in good faith with EEOC concerning the training and any EEOC comments.

## RECORD KEEPING AND REPORTING REQUIREMENTS

13.     For the duration of this Decree, Defendant shall submit written reports to EEOC regarding all complaints alleging age discrimination and/or retaliation that it receives from employees and Defendant's response to such complaints.  The reports set forth in this Paragraph shall include at least the following minimum content:  (a) the date of the complaint; (b) a detailed description of the complaint allegations; (c) the full name and job title of the employee who made the complaint; (d) the full name and job title of all person(s) against whom the complaint was made; (e) the full names and job titles of all Defendant personnel and agents who conducted or participated in the investigation of such complaint; and (f) any investigation findings and/or corrective actions that Defendant undertook in response to such complaint.

14.     The reports required under Paragraph 13 shall be transmitted to EEOC no later than thirty (30) days after receipt of any complaints, with a second report for each complaint due no more than ten (10) days after Defendant takes final action on the Complaint.  All reports shall be transmitted to Senior Trial Attorney Catherine Sellers at EEOC's Baltimore Field Office.

15.     For the duration of this Decree, Defendant shall retain all documents of any character related to employee complaints of age discrimination and retaliation.  Such documents include, but are not limited to, personnel files, payroll records, correspondence, notes, emails, memoranda, internal reports, written statements, charges of discrimination, internal complaint documents, witness statements, and any other material of any character. Copies of such documents shall be produced to EEOC within fourteen (14) days of any written request for their production by EEOC counsel of record or their authorized designees.

7

## ADEA NOTICE

16.     Within ten (10) days of the effective date of this Decree, Defendant shall post a copy of the Notice to All Employees, attached hereto as Exhibit A (hereinafter, "Notice"), in an employee breakroom or other conspicuous location on Defendant's premises that is accessible to employees in the Grounds Maintenance Department. The Notice shall be signed by Defendant's Board of Directors. The Notice shall be posted for two (2) years from the effective date of this Decree. Defendant shall ensure that the Notice required under this Paragraph remains posted, and that it is not altered, defaced, or covered by any other material, for the duration of this Decree.

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

17.     Upon Motion of either Party, this Court may schedule a hearing for the purpose of reviewing compliance with this Decree. Prior to filing such Motion, EEOC shall notify Defendant, in writing, of any alleged noncompliance. Upon receipt of written notice, Defendant shall have fifteen (15) days either to correct the alleged non-compliance, and so inform EEOC, or deny the alleged non-compliance, in writing.

    (a)     If the Parties cannot in good faith resolve their dispute, EEOC may file a Motion to seek review by the Court;

    (b)     Each Party shall bear its own costs, expenses, and attorney fees incurred in connection with such action; and

    (c)     Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Eastern District of Pennsylvania.

18.     EEOC, its agents, and employees shall in their discretion have the legal authority to enter Defendant's facilities, upon reasonable prior notice to Defendant and its counsel, and to conduct an on-site inspection to ensure compliance with any of the provisions of this Decree. Such

inspections may, at the discretion of EEOC, include access to any and all documents for the purposes of inspection and duplication; interviews of potential witnesses; and inspection of any area within the facility. EEOC shall also have the legal authority to require appearance and testimony of Defendant's personnel (at reasonable times and locations) at interviews or depositions and the production of relevant documents to ensure compliance with any of the provisions of this Decree. EEOC may at any time move the Court for a hearing for the purpose of compelling Defendant to cooperate in any aspect of this Paragraph. Neither EEOC's authority under this Paragraph nor any other provisions of this Decree shall be construed to limit or impair in any manner any other authority possessed by EEOC to conduct investigations of the Defendant that is provided by law.

## COURT COSTS AND ATTORNEY FEES

19.     The Parties shall bear their own costs, expenses, and attorney fees in this action, including the costs of compliance and monitoring.

## MISCELLANEOUS PROVISIONS

20.     The terms of this Decree shall be binding upon Defendant and all of its present and future owners, officers, directors, managers, agents, representatives, successors, and assigns.

21.     This Decree constitutes the entire agreement and commitments of the Parties on matters raised herein and is not subject to modification except upon order of this Court. In the event that the Parties propose to make any modifications to this Decree by their mutual consent, they shall submit such proposed modifications to the Court by Joint Motion, and such modifications shall not be effective unless approved by order of the Court.

22.    If any provision(s) of this Decree is found to be unlawful, only the specific

provision(s) in question shall be affected and all other provisions of this Decree shall remain in

full force and effect.

23.    When this Decree requires Defendant to submit reports, certifications, notices, or

other materials to EEOC, they shall be sent via email or certified U.S. mail to:

> Catherine N. Sellers
> Senior Trial Attorney
> U.S. Equal Employment Opportunity Commission
> Baltimore Field Office
> George H  Fallon Federal Building
> 31 Hopkins Plaza, Suite 1432
> Baltimore, MD 21201
> Email·  catherine.sellers@eeoc gov

**AGREED BY:**

**FOR THE U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**

JAMES L. LEE
ACTING GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

DEBRA M. LAWRENCE
REGIONAL ATTORNEY

Dated: 12/21/18

RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY

Dated: 12/21/18

**FOR LLANERCH COUNTRY CLUB**

RUFUS A. JENNINGS
DEASEY, MAHONEY, & VALENTINI, LTD
1601 Market Street, Suite 3400
Philadelphia, PA 19103
Phone: (215) 587-9400
Fax: (215) 587-9456
Email   rjennings@dmvlawfirm.com
Attorney for Defendant

Dated: 1/28/19

Brendan J. Byrne
Chief Operating Officer of External Operations
Llanerch Country Club

Dated: 12/26/16

10

_[signature]_

CATHERINE N. SELLERS (WA Bar No. 44563)
Senior Trial Attorney
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: (410) 209-2233
Fax: (410) 209-2221
Email:  catherine.sellers@eeoc.gov

Dated: _12/21/18_

**IT IS SO ORDERED:**

Date: _2/6/2019_

_[signature]_

HONORABLE JOHN R. PADOVA
Senior United States District Judge

2/7/19 mail:
P hillips

11

# EXHIBIT A



## NOTICE TO ALL EMPLOYEES
## POSTED PURSUANT TO FEDERAL COURT ORDER

This Notice is being posted pursuant to a federal court order in the matter of *U.S. EEOC v. Llanerch Country Club*, Civil Action No. 2:18-cv-04167 (E.D. Pa.), resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC"), an agency of the United States Government, against Llanerch Country Club ("Defendant").

To resolve the lawsuit, Defendant and the EEOC have entered into a Consent Decree which provides, among other things, that:

(1) Defendant is prohibited by federal court order and federal law from discriminating against employees because of age, including but not limited to subjecting any employee to seasonal layoffs or discharge/non-rehire because of age or making hiring decisions because of age;

(2) Defendant is enjoined from retaliating against any person because he or she has opposed any practice made unlawful by the ADEA, filed an ADEA charge of discrimination, participated in any investigation or proceeding under ADEA, or asserted any rights under the Consent Decree; and

(3) Defendant will provide mandatory training to management employees on age discrimination and retaliation.

The EEOC enforces federal laws that prohibit discrimination in employment on the basis of age, race, color, national origin, sex, religion, disability, pregnancy/childbirth/related medical conditions, genetic information, or retaliation for opposing practices reasonably believed to be discriminatory or filing or participating in a charge of discrimination. If you believe you have been discriminated against, or retaliated against for opposing or reporting discrimination, you have a right under federal law to contact the EEOC and to report that discrimination or retaliation. EEOC can be reached at (800) 669-4000, TTY for the hearing impaired at (800) 669-6820, or via e-mail at *info@eeoc.gov*. The EEOC is a federal law enforcement agency and charges no fees to receive and investigate complaints.

**This Notice must remain posted for two years from the date below and must not be altered, defaced, or covered by any other material.**

_____          _____
Date                                                          For:  Llanerch Country Club

13